UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RENEGADE HOLDINGS, INC., et al., | ) | |
| | ) | |
| Debtors. | ) | Case No. 09-50140 |
| _____ | ) | Consolidated for Administration |
| | ) | Chapter 11 |
| RENEGADE HOLDINGS, INC., | ) | |
| ALTERNATIVE BRANDS, INC. and | ) | |
| RENEGADE TOBACCO COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | Adversary Proceeding No. 10-06053 |
| | ) | |
| v. | ) | |
| | ) | |
| CALVIN A. PHELPS; LISA YAMAOKA | ) | |
| A/K/A LISA PHELPS; COMPLIANT | ) | |
| TOBACCO COMPANY, LLC; | ) | |
| CLC PROPERTIES, LLC; CLC- | ) | |
| DBA/CALVIN PHELPS; CHINQUA- | ) | |
| PENN PLANTATION, LLC; CHINQUA- | ) | |
| PENN EVENTS, LLC; NORTH WEST | ) | |
| HOLDINGS, L.L.C.; BLUE RIDGE | ) | |
| AIRLINES, LLC; JET SALES | ) | |
| INTERNATIONAL, LLC; CLEAR JET | ) | |
| INTERNATIONAL, LLC; HOUSE OF | ) | |
| WINDSOR, LLC; and WOLF BROS | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER APPROVING CONSENSUAL PRE-JUDGMENT
SALE OF CERTAIN REAL PROPERTY**
_____

This cause came before the Court on May 17, 2011, upon motion filed April 22, 2011 by

Peter L. Tourtellot, Chapter 11 Trustee for Renegade Holdings, Inc., Alternative Brands, Inc.,

and Renegade Tobacco Company ("Plaintiffs" or "Debtors") pursuant to Rule 64 of the Federal

Rules of Civil Procedure as made applicable by Rule 7064 of the Federal Rules of Bankruptcy

Procedure ("Bankruptcy Rules"), and pursuant to N.C.Gen.Stat. §§ 1-440.1, *et seq.*, for entry of an order approving the consensual pre-judgment public auction sale of certain real property located in Davie County, North Carolina in which Plaintiffs and Defendants Calvin A. Phelps ("Mr. Phelps") and Lisa Yamaoka a/k/a Lisa Phelps ("Ms. Yamaoka") (together, the "Consenting Defendants") claim an interest (the "Motion").

The Court has jurisdiction to consider the Motion and to grant the relief provided herein in accordance with 28 U.S.C. §§ 157 and 1334.

Notice of the hearing on the Motion was properly served on all parties in interest pursuant to the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. No other or further notice need be provided.

Appearing at the hearing on the Motion were Robyn R. C. Whitman, Esq., on behalf of the Bankruptcy Administrator for the Middle District of North Carolina, John A. Northen, Special Counsel to the Chapter 11 Trustee, G. Gray Wilson, counsel to the Defendants, and Gene B. Tarr, Special Counsel to the Chapter 11 Trustee.

No objections to the Motion were filed and none were raised at the hearing.

Upon consideration of the Motion, the representations of counsel, the record in this case, and the consent of the parties, the Court makes the following findings of fact and conclusions of law:

1.  On September 23, 2010, Plaintiffs commenced this Adversary Proceeding by filing a verified complaint to avoid and recover fraudulent transfers pursuant to 11 U.S.C. §§ 541, 544, 548, and 550 and N.C.Gen.Stat. § 39-23.4, for imposition of a constructive trust on, *inter alia*, the Properties (as hereinafter defined), and for other relief pursuant to applicable North Carolina law as more specifically set forth in the verified complaint. Plaintiffs sought a money

judgment against the defendants in the Adversary Proceeding ("Defendants") in an amount not less than $8,114,184.89.

2. On September 24, 2010, Plaintiffs moved the Court for entry of an order of attachment against Defendants. On September 24, 2010, the Court entered its order granting the attachment motion.

3. On September 28, 2010, the Clerk of this Court issued a Writ of Attachment which provided that the Trustee shall act as substitute custodian of the attached property on behalf of this Court.

4. On October 1, 2010, Plaintiffs filed Notices of *Lis Pendens* pertaining to the Properties (defined in paragraph 7 below) pursuant to N.C.Gen.Stat. § 1-440.12.

5. N.C.Gen.Stat. § 1-440.44(a) provides for the sale of attached property before judgment.

6. Mr. Phelps, individually, and Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, are record owners of the following real property (collectively referred to as the "Properties" or individually as a "Property"):

    (a) Three (3) parcels consisting of 310.57 +/- acres of adjoining land located on NC Hwy 801 and US Hwy 64 in Davie County, North Carolina with frontage on the Yadkin River and consisting of the following acreages:

        (i) 228.48 +/- acres, Parcel# 5777870922, as described in Book 315, Page 3 of the Davie County Registry (Mr. Phelps as record owner);

        (ii) 66.49 +/- acres, Parcel# 5777994297, as described in Book 648, Page 352 of the Davie County Registry ("66.49 Acres") (Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, as record owner); and

        (iii) 15.6 +/- acres, Parcel# 5788005450, as described in Book 648, Page 355 of the Davie County Registry ("15.6 Acres") (Mr. Phelps and Ms. Yamaoka, as tenants by the entireties, as record owner);

    (b) One (1) parcel consisting of 27.828 +/- acres located off US Hwy 601 North on Allen Road in Davie County, North Carolina, partially cleared and currently in

crop production, Parcel# 5729587793, as described in Book 454, Page 60 of the Davie County Registry (Mr. Phelps as record owner); and

    (c)    Two (2) adjoining parcels in Davie County, North Carolina consisting of the following acreages:

    (i)    1.624 +/- acres with a brick building with frontage on US Hwy 601 South, Parcel# 5746515059, as described in Book 410, Page 941 of the Davie County Registry (Mr. Phelps as record owner); and

    (ii)    .727 +/- acres with a wooden structure not in current use and appears abandoned with frontage on NC Hwy 801, Parcel# 5746514369, as described in Book 410, Page 943 of the Davie County Registry (Mr. Phelps as record owner).

7.    The following parties claim interests in one or more of the Properties:

    (a)    ***Ad Valorem* Property Taxes.** *Ad valorem* property taxes for each of the Properties for 2010 are past due, and such taxes for 2011 are a lien but not yet determined in amount nor are such taxes due or payable at this time.

    (b)    **NewBridge Bank f/k/a Lexington State Bank ("NewBridge")**. Except for the 66.49 Acres and the 15.6 Acres, the Properties are subject to first lien deeds of trust in favor of NewBridge. The deeds of trust (collectively referred to herein as the "NewBridge Deeds of Trust") secure obligations of Mr. Phelps and/or Alternative Brands, Inc. to NewBridge as described in the Motion (the "NewBridge Obligations"). NewBridge has not received a monthly payment since November 2010.

NewBridge consents to the relief requested in the Motion, on the conditions that (i) with respect to each Property which is subject to the NewBridge Obligations, NewBridge is paid the sale proceeds arising from such parcel up to but not exceeding the indebtedness secured by such parcel, at closing, and (ii) NewBridge does not bear any of the expenses of sale.

(c) **Bank of the Carolinas**.

(i) **First Lien Deed of Trust**. The 66.49 Acres and the 15.6 Acres are subject to a first lien deed of trust in favor of Bank of the Carolinas (the "Bank of the Carolinas First Lien Deed of Trust").

(ii) **Junior Lien Deeds of Trust**. Each of the other Properties, i.e., the Properties subject to the NewBridge Deeds of Trust, is described in one or more deeds of trust in favor of Bank of the Carolinas, and appears to secure obligations of Mr. Phelps, Alternative Brands, Inc., and/or Renegade Holdings, Inc. to Bank of the Carolinas (collectively referred to herein as the "Bank of the Carolinas Junior Lien Deeds of Trust").

Bank of the Carolinas has agreed to the release or the transfer of the Bank of the Carolinas First Lien Deed of Trust and the Bank of the Carolinas Junior Lien Deeds of Trust for the sales prices hereafter approved by the Court, provided that the amount due under the promissory note secured by the Bank of the Carolinas First Lien Deed of Trust is paid in full at closing, that all other liens, claims, encumbrances and other interests are transferred to the Net Sales Proceeds,[1] and that the Net Sales Proceeds are held pending further order of the Court.

---

[1] The "Net Sales Proceeds" derived from each Property shall mean the sale proceeds remaining after payment or provision for the following:
  i. With respect to each of the Properties subject to the NewBridge Deeds of Trust, payment of the NewBridge Obligations from the sale proceeds received from each such Property;
  ii. With respect to the 66.49 Acres and/or the 15.6 Acres, payment in full, at closing, of indebtedness evidenced by the promissory note in favor of Bank of the Carolinas dated February 10, 2006 from the sale proceeds received from each such Property;
  iii. Payment in full, at closing, of the auctioneer's commissions and expenses;
  iv. Payment in full, at closing, of applicable ad valorem property taxes, except with respect to Properties acquired by NewBridge or Bank of the Carolinas by credit bid; and
  v. Usual and customary closing costs (i. through v. shall be referred to as the "Closing Disbursements").

(d) **Carolina Bank**. Carolina Bank transcribed a judgment to Davie County against Mr. Phelps (among others) on December 9, 2010.

(e) **The Consenting Defendants**. Without prejudice to any of the Consenting Defendants' defenses in the Adversary Proceeding, the Consenting Defendants have agreed that their interests in the Properties can be sold, pursuant to N.C.Gen.Stat. § 1-440.44(a), along with the interests in the Properties asserted by Plaintiffs.

(f) **Plaintiffs**. Plaintiffs consent to payment of the Closing Disbursements, but such consent is without prejudice to any of Plaintiffs' claims, rights or remedies against Defendants or the Consenting Defendants.

8. According to valuations performed by Iron Horse in July 2010, there appears to be significant value in the Properties over and above the amounts due under the NewBridge Obligations and the Bank of the Carolinas First Lien Deed of Trust.

9. Plaintiffs and the Consenting Defendants agree to execute any and all documents necessary to convey marketable title to the Properties as reasonably required by the purchaser or a title insurance company.

10. Neither Plaintiffs nor the Consenting Defendants dispute the validity of the NewBridge Obligations or Deeds of Trust, and no parties have raised any objection or dispute with respect to the Bank of the Carolinas obligations or Deeds of Trust. It appears to the Court that a sale of the Properties, either through foreclosure by NewBridge or otherwise, is imminent, and that the Sale is most likely to maximize the sale proceeds. Good cause exists, and it is in the best interests of the bankruptcy estates for the Court to authorize the Sale of the Properties before judgment.

11. Contemporaneously with the Motion, Debtors filed (i) an application seeking the Court's approval to employ Iron Horse Auction Co., Inc. ("Iron Horse") to market and sell the

Properties, and (ii) a motion to conduct the sale pursuant to Bankruptcy Code § 363, by means of a public auction, at 6:00 p.m. on Thursday, June 9, 2011 (the "Sale"), or such other time and date as the Court should order the Sale. The parties agreed that, in order to allow sufficient time for advertising prior to the Sale, the Sale should be held on Thursday, June 23, 2011, which the Court approved. The Court granted both the application and the motion at hearings held on May 17, 2011.

12. Rule 64 of the Federal Rules of Civil Procedure provides:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. . . . The remedies available under this rule include . . . attachment . . .

13. North Carolina's attachment statutes appear at N.C.Gen.Stat. §§ 1-440.1, *et seq*. N.C.Gen.Stat. § 1-440.44(a) (When Attached Property to be Sold Before Judgment) provides:

> (a) The sheriff shall apply to the clerk or to the judge for authority to sell property, or any share or interest therein, seized pursuant to an order of attachment,
>
>     (1) If the property is perishable, or
>
>     (2) If the property is not perishable, but
>
>         a. Will materially deteriorate in value pending litigation, or
>
>         b. Will likely cost more than one fifth of its value to keep pending a final determination of the action, and
>
>         c. Is not discharged from the attachment lien in the manner provided by G.S. 1-440.39 within ten days after the seizure thereof.

Plaintiffs and the Consenting Defendants have agreed that the Properties will materially deteriorate in value during the pendency of this Adversary Proceeding, particularly if NewBridge sells the Properties at foreclosure sales.

14. N.C.Gen.Stat. § 1-440.44(b) provides that the property shall be sold under the direction of the court.

15. The Court has the authority to approve the Sale pursuant to N.C.Gen.Stat. §§ 1-440.1, *et seq*., Bankruptcy Code § 105, and Bankruptcy Rule 7064.

NOW THEREFORE, for good and sufficient cause shown, it is hereby

ORDERED that the Chapter 11 Trustee is authorized to sell the Properties pursuant to N.C.Gen.Stat. § 1-440.44(a) under the direction of the Court as provided in the Order (a) Authorizing and Scheduling a Public Auction for the Sale of Certain Real Property Located in Davie County, North Carolina; (b) Authorizing the Sale of the Real Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interests and Transferring Such to the Proceeds of Sale; and (c) Scheduling a Hearing to Consider Approval of Such Sale to the Party Submitting the Highest Bid, entered in Debtors' bankruptcy case; and it is further

ORDERED that Plaintiffs and the Consenting Defendants shall execute any and all documents necessary to convey marketable title to the Properties as reasonably required by the purchaser or a title insurance company; and it is further

ORDERED that this Court shall retain exclusive jurisdiction to resolve any disputes which may arise in connection with this Order.

PARTIES TO BE SERVED
PAGE 1 0F 1
CASE NO. 10-06053

Michael D. West, Esq.
U.S. Bankruptcy Administrator
P.O. Box 1828
Greensboro, NC 27402-1828

Robyn R. C. Whitman, Esq.
P.O. Box 1828
Greensboro, NC 27402-1828

John A. Northen, Esq.
Vicki L. Parrott, Esq.
Northen Blue, LLP
P.O. Box 2208
Chapel Hill, NC 27515-2208

G. Gray Wilson, Esq.
Wilson Helms & Cartledge, LLP
110 Oakwood Dr., Suite 400
Winston-Salem, NC 27103

Gerald A. Jeutter, Jr., Esq.
P.O. Box 12585
Raleigh, NC 27605

Peter L. Tourtellot, Ch. 11 Trustee
Anderson Bauman Tourtellot Vos
P.O. Box 2338
Greensboro, NC 27402